[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15352
Non-Argument Calendar
_____

D. C. Docket No. 01-00733-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON SYLVESTER PITTS,

Defendant-Appellant,

_____

No. 05-15372
Non-Argument Calendar
_____

D. C. Docket No. 01-00733-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN BERNARD PITTS,
a.k.a. "Fat Cat",

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(July 25, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

This consolidated appeal is brought by two brothers, Byron Silvester Pitts and Steven Bernard Pitts (collectively "the Pittses"), who were convicted of drug trafficking offenses. The Pittses appeal only their sentences, arguing that they are unreasonable. After review, we affirm.

## I. BACKGROUND

The Pittses entered into an agreement with a confidential source ("CS") to buy 105 kilograms of cocaine for $2.1 million dollars. Investigating agents observed the Pittses arrive at the meeting place with the CS and then Steven Pitts depart. During the meeting, the agents arrested Byron Pitts and seized approximately $2.1 million dollars found in his car and a .40 caliber Glock

2

handgun with a laser sight found on his person.  Steven Pitts remained at large until he was arrested seven months later.

Byron and Steven Pitts were indicted for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count One), and attempted possession with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count Two).  Additionally, Byron Pitts was charged with knowing possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three).  At trial, other people involved in drug transactions with the Pittses testified to various drug transactions involving ten to seventy kilograms of cocaine in each transaction.  Both defendants were found guilty.

At their initial sentencing, the district court sentenced the Pittses under a mandatory Guidelines scheme.  Byron Pitts received 210-month concurrent sentences on Counts One and Two, in the middle of the Guideline range of 188 to 235 months' imprisonment, and a mandatory 60-month consecutive sentence on Count Three.  On Counts One and Two, Steven Pitts was sentenced to 360-month concurrent sentences, the low end of the Guideline range of 360 months to life imprisonment.

The Pittses appealed. On May 11, 2005, this Court affirmed their convictions and the calculation of their applicable Guideline ranges by the district court. See United States v. Pitts, No. 04-10810, slip op. at 14-15 (11th Cir. May 11, 2005). However, the Court remanded in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), for resentencing under the advisory Guidelines. Id.

At resentencing, the Pittses argued that the district court should consider their excellent prison records and courses of study while in prison. They also argued that lower sentences were warranted given their ages, their family obligations, and the sentence disparity between them and their co-conspirators.

As to Byron Pitts, the district court, at resentencing, imposed the same concurrent 210-month sentences on the drug charges and the same 60-month consecutive sentence on the firearm charge. The district court noted that it had reviewed the initial sentencing transcript and found that Byron Pitts's initial sentences were appropriate. The district court noted that a harsh sentence was necessary because Byron Pitts was "one of the more serious drug dealers that [the court] had encountered in [its] time on the bench." The court stated that Byron Pitts's sentences addressed the goals of the Guidelines and the 18 U.S.C. § 3553(a) factors.

As to Steven Pitts, the district court stated that his offense conduct deserved

4

a harsh sentence. The district court noted the disparity between the two brothers'

sentences, which was a total 270-month sentence for Byron Pitts but a 360-month

sentence for Steven Pitts. The district court concluded that a sentence closer to

Byron Pitts's sentence was warranted for Steven Pitts and imposed a 300-month

sentence, 60 months below his advisory Guidelines range of 360 months to life.

The court noted that the 300-month sentence reflected the seriousness of the crime,

afforded adequate deterrence, protected the public from further crimes, provided

him with training and education and addressed the goals of § 3553(a). The Pittses

objected, arguing that their sentences were not reasonable. This appeal followed.

## II. DISCUSSION

On appeal, both defendants argue that their sentences are unreasonable under

the factors in 18 U.S.C. § 3553(a). The defendants emphasize their personal

characteristics and the sentence disparity with other co-conspirators and national

average sentences. After Booker, the district court must correctly calculate the

defendant's Guidelines range and then, using the factors in § 3553(a), the court

may impose a more severe or more lenient sentence as long as it is reasonable.[1]

---

[1]The factors in 18 U.S.C. § 3553(a) include the following:
(1) the nature and circumstances of the offense and the history and characteristics of
the defendant; (2) the need to reflect the seriousness of the offense, to promote
respect for the law, and to provide just punishment for the offense; (3) the need for
deterrence; (4) the need to protect the public; (5) the need to provide the defendant
with needed educational or vocational training or medical care; (6) the kinds of
sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy

See United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. See id. at 1329-30; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

We review a defendant's sentence for unreasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). Our review is deferential, and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id.

Here, we cannot say that the Pittses' sentences are unreasonable.[2] For both defendants, the district court adequately took into account the factors in 18 U.S.C.

_____

statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.
United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

[2]The calculation of the Pittses' Guidelines ranges is not at issue, having been affirmed by this Court in their first appeal.

6

§ 3553(a), including the defendants' history and characteristics, the nature of their offenses, the need for deterrence and the need to protect the public from further crimes. Additionally, Byron Pitts's sentence was at the low end of the Guidelines range, and Steven Pitts's sentence was below the Guidelines range. Both sentences were significantly less than the statutory maximum of life imprisonment. Accordingly, the Pittses did not establish that their sentences were unreasonable in light of the record and the factors of § 3553(a), and we affirm.

**AFFIRMED.**