[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10481

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KIMBERLY MICHELLE CLARIDY WALKER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cr-00048-TJC-PDB-1

————————————————

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kimberly Claridy Walker appeals her 300-month total sentence following her guilty plea on charges of (a) conspiracy to distribute and possess with intent to distribute a-Pyrrolidinopentiophenone ("alpha-PVP") and MDMA, and (b) conspiracy to commit money laundering. She argues that the district court erred at sentencing by adding two-levels to her offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, because she was unaware of it.[1]

The government, in turn, argues that it is not necessary for us to resolve the challenge to the firearm enhancement under *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006). The government points out that (1) the district court stated that Ms. Walker's ultimate sentence would be the same "even if [it] had made different decisions regarding the advisory guidelines, or sustained additional objections to the guidelines that were made," and (2) argues that the 300-month total sentence—a downward variance from the advisory guideline range of 360-480 months) is substantively reasonable.

---

[1] The firearm was found under the mattress of the bed shared by Ms. Walker and her husband, who was a co-conspirator and co-defendant. The firearm was on the husband's side of the bed.

We generally review a district court's legal interpretations *de novo*, and factual findings for clear error. *See United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). Nevertheless, we need not vacate a sentence and remand it if the district court would have likely sentenced the defendant in the same way without the error. *See United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006).

In *Keene*, we explained that we can avoid remanding case for resentencing based on a misapplication of a Sentencing Guidelines provision if the district court faced states that the resolution of that issue "does not matter to the sentence imposed after the [18 U.S.C.] § 3553(a) factors are considered." *Keene,* 470 F.3d at 1349. When that occurs, we may decline to review the disputed guideline issue and, instead, can affirm if the final sentence imposed based on the § 3553 factors is reasonable. *See id*. at 1349-50.

At sentencing, the district court explicitly stated that, irrespective of how Ms. Walker's guideline objections were resolved at the end of the day, her total sentence would have remained the same under the § 3553(a) factors. *See* D.E. 478 at 95-96. We can, therefore, conduct a *Keene* analysis. *See Scott*, 441 F.3d at 1329.

In determining whether a sentence is reasonable, we assume that the alleged guideline error occurred, adjust the guideline range accordingly, and ask whether the sentence imposed is reasonable under the § 3553(a) factors. *See id*. at 1349. It is the defendant's burden to prove the unreasonableness of her sentence in light of the record and § 3553(a). *See id*. at 1350.

Had the district court sustained Ms. Walker's objection to the firearm enhancement, she would have had an offense level of 41 and a criminal history category of V, with an advisory imprisonment range of 360-480 months.  That is the same range that Ms. Walker faced with the imposition of the firearm enhancement.[2]

We examine whether a sentence is substantively reasonable under the totality of the circumstances.  *See Gall v. United States*, 552 U.S. at 38, 51 (2007).  A sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the pertinent policy statements of the Sentencing Commission.  *See* § 3553(a)(1)–(7).

The weight due to each § 3553(a) factor lies within the district court's sound discretion, and we will not substitute our

---

[2] Ms. Walker faced an imprisonment range of 360 months to life with the firearm enhancement (based on an offense level of 43 and a criminal history score of V) but the maximum statutory sentence for the two counts of conviction was 480 months (based on 20-year maximum sentences for each of the counts) and that became the top of the guideline range.

judgment for that of the district court. *See United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020). Nevertheless, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *See United States v. Kuhlman*, 711 F.3d 1321, 1326–27 (11th Cir. 2013). A district court, however, court may reasonably attach great weight to a single factor. *See id.* at 1327.

We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). Here, we conclude that it is unnecessary to resolve the guideline issue that Ms. Walker has raised because the asserted error did not affect her total sentence and that sentence is substantively reasonable. *See Keene*, 470 F.3d at 1348-50.

The 300-month sentence is substantively reasonable for a number of reasons. First, the district court noted that Ms. Walker was one of the leaders of a multi-year, sophisticated narcotics conspiracy and was in charge of the logistics at the house where the drugs were sold. Second, as the district court explained, she involved her children in the narcotics operation. Third, the record

showed that she had 18 prior felony convictions, including some for narcotics offenses, in 15 years. Fourth, although Ms. Walker presented a number of mitigating circumstances—her difficult upbringing (which included her mother encouraging her to steal), giving birth to a child while incarcerated, post-partum depression, and other mental health issues—and asked for a 240-month sentence, the district court took those circumstances into account. It varied downward by 60 months from the bottom of the advisory guideline range (i.e., from 360 months to 300 months). Under the circumstances we cannot say the sentence was unreasonable. *Cf. United States v. Pitts*, 190 F. App'x 852, 854-55 (11th Cir. 2006) (holding that narcotics defendant's sentence of 300 months' imprisonment, which constituted a downward variance of 60 months from the bottom of the advisory guideline range, was substantively reasonable).

In sum, Ms. Walker's 300-month total sentence is substantively reasonable under the alternative guideline range. Any error regarding the application of § 2D1.1(b)(1) is harmless under *Keene*, and we therefore affirm.

**AFFIRMED.**